**SENECA INSURANCE COMPANY,**
**Plaintiff–Appellant,**

v.

**KEMPER INSURANCE COMPANY,**
**Defendant–Appellee.**

No. 04–3275–CV.

United States Court of Appeals,
Second Circuit.

May 27, 2005.

Michael M. Milner, Tese & Milner, LLP, New York, NY, for Appellant.

Alexis J. Rogoski, (Daniela Levarda, on the brief) Boundas, Skarzynski, Walsh & Black, LLC, New York, NY, for Appellee.

PRESENT: OAKES, CABRANES, Circuit Judges and GOLDBERG, Judge.*

## SUMMARY ORDER

Plaintiff appeals from a judgment dated May 20, 2004, granting defendant's motion to dismiss.

Plaintiff, an insurance company, seeks damages for the costs of legal fees associated with its defense of USA Equestrian, Inc., formerly insured by plaintiff, and now insured by defendant. USA Equestrian, the governing body for equestrian sports in the United States, denied applications by Michael W. Gallagher ("Gallagher") to organize various horse shows on the ground of "mileage conflicts." USA Equestrian denied similar applications by JES Properties on the same grounds. During the period in which plaintiff was USA Equestrian's insurer, Gallagher, through counsel, sent USA Equestrian a letter (the "Gallagher claim") alleging that USA Equestrian's policy of denying applications to organize horse shows based on mileage conflicts constituted a restraint of competition in violation of antitrust laws. After USA Equestrian submitted this claim to plaintiff, plaintiff agreed to defend

---

* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

the claim under the policy. Later, during the period in which defendant was USA Equestrian's insurer, counsel for Gallagher, now representing JES Properties as well, notified USA Equestrian that both parties intended to file suit against USA Equestrian for antitrust violations (the "JES claim"). USA Equestrian submitted the claim to defendant, who refused coverage. That denial of coverage is the subject of this suit.

Defendant denied coverage principally on the ground that the policy's "first-made" provision applied. As the District Court described the provision, it "deems claims that arise from 'Interrelated Wrongful Acts' to be one claim 'first made' on the date of the earliest claim." The policy defines "Interrelated Wrongful Acts" as "any and all Wrongful Acts that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally or logically connected facts, circumstances, situations, events, transactions, or causes." Pursuant to these provisions of the policy, defendant concluded that both letters constituted claims, that the claims constituted "Interrelated Wrongful Acts," and that they thus constituted a single claim first made on the date of the Gallagher claim. Consequently, defendant determined that its policy did not cover the JES claim.

The District Court dismissed plaintiff's complaint upon defendant's motion to dismiss on the grounds that the Gallagher claim constituted a "claim" under the policy, and that the Gallagher claim and the JES claim arose from interrelated wrongful acts. The District Court relied on earlier cases from district courts in this Circuit in using a "sufficient factual nexus" test to determine whether the claims were related. *See Home Ins. Co. v. Spectrum Info. Techs.*, 930 F.Supp. 825, 850 (E.D.N.Y.1996); *Zunenshine v. Executive Risk Indemnity, Inc.*, 97 Civ. 5525(MBM),

1998 WL 483475, at *4, 1998 U.S. Dist. LEXIS 12699, at *11–12 (S.D.N.Y. Aug. 17, 1998). The District Court concluded that there was a sufficient factual nexus between the two claims because the claims were "neither factually nor legally distinct" and arose from "numerous logically connected facts and circumstances."

Plaintiff asserts that the District Court erred in dismissing the complaint on these grounds. We reject these arguments for the reasons stated by the District Court in its Opinion and Order of May 20, 2004.

We have considered all of plaintiff's claims on appeal and found them to be without merit. We hereby **AFFIRM** the judgment of the District Court.